**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BALTIMORE COUNTY, MARYLAND : | |
|     Plaintiff : | |
| v : | Civil Action No. RDB-07-1229 |
| JAMES RIFFIN : | |
|     Defendant : | |

o0o

**MEMORANDUM OPINION**

Pending in this case is Plaintiff's Motion to Remand and for Attorneys Fees. Paper No. 5. Plaintiff has filed a response to the motion. Paper No. 6. Upon review of the allegations raised and for the reasons that follow, Plaintiff's Motion to Remand will be granted in part.

The substance of the underlying case Mr. Riffin seeks to remove involves a long running dispute between the parties concerning Baltimore County, Maryland's enforcement authority over Riffin's activities as they relate to his "railroad maintenance-of-way facility" located in Cockeysville, Maryland. *See State v. Riffin*, Civil Action No. RDB-06-2989 (D. Md. 2007) (Paper No. 5). Removal of this case is improper and it will be remanded.[1] Under 28 U.S.C. § 1441(a), only actions "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here the underlying case is a civil citation proceeding over which this Court does not have original subject matter jurisdiction. Further, Mr. Riffin's attempt to insert a federal issue into the case by claiming the state's authority is preempted by federal statute does not convert the proceeding into a federal case subject to removal pursuant to 28 U.S.C. § 1441(b). *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation*

---

[1] The Court declines to impose attorneys fees at this time.

*Trust for Southern California*, 463 U.S. 1, 10 (1983).

      Riffin has made numerous attempts to disrupt valid state proceedings by filing civil rights complaints seeking injunctive relief against Baltimore County and by removing proceedings to this Court, forcing state proceedings to a grinding halt.[2]  Riffin's use of federal litigation to stonewall efforts by local authorities to enforce state law is abusive and this Court declines to facilitate those efforts any further. "[F]ederal courts have the power and the obligation to protect themselves from abusive filing of frivolous and repetitive claims." *McMahon v. F.M. Bank-Winchester*, 45 F.3d 426, 1994 WL 719695 (4th Cir. Dec. 30, 1994) (unpublished) (per curiam), *cf. Procup v. Strickland*, 792 F.2d 1069, 1070-71 (11th Cir. 1986) (en banc).  Before Riffin will be permitted to file another *pro se* civil action in this Court he will be required to seek leave to do so.  In so doing, Riffin will be required to state succinctly how the original complaint or removed case differs from other actions filed and dismissed or remanded by this Court. In the event the claim is accepted for filing and it is revealed that Riffin misrepresented the nature of the proceedings, he will be required to show cause why he should not be subject to sanctions.

      A separate Order follows.

<u>October 4, 2007</u>                                         <u>/s/                          </u>
Date                                                        RICHARD D. BENNETT
                                                                UNITED STATES DISTRICT JUDGE

---

[2] Riffin has attempted to remove cases involving his dispute with Baltimore County on numerous occasions.  *See State v.* Riffin, Civil Action No. RDB-04-1342 (D. Md. 2004); *State v. Riffin*, Civil Action No. RDB-04-2789 (D. Md. 2004); *Maryland Dept. of the Environment v. Riffin*, Civil Action No. RDB-04-2848 (D. Md. 2004); *Riffin v. Snyder*, Civil Action No. RDB-04-2964 (D. Md. 2004); *State v. Riffin*, Civil Action No. RDB-06-2989 (D. Md. 2006); and *Baltimore County v. Riffin*, Civil Action No. RDB-07-2573 (D. Md. 2007).  In addition to his attempts at removal,  Riffin has filed numerous civil actions seeking injunctive relief concerning the same matters.  *See Riffin v. Wisnom, et al.*, Civil Action No. RDB-07-1623 (D. Md. 2007) and *Riffin v. Baltimore County*, Civil Action No. RDB-07-2573 (D. Md. 2007).